**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lenwood DOWERY, Defendant-Appellant. No. 14505.**

United States Court of Appeals Seventh Circuit.

July 27, 1964.

Rehearing Denied Aug. 19, 1964.

Wendell P. Marbly, Thad B. Eubanks, Chicago, Ill., for defendant-appellant.

Edward V. Hanrahan, U. S. Atty., Archibald T. Le Cesne, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Lenwood Dowery, defendant, has appealed from a judgment of the district

court for his violations of 18 U.S.C.A. § 2 and 26 U.S.C.A. § 4705(a), as charged in a two-count indictment, which alleged that defendant aided and abetted two unlawful sales of narcotics by another defendant, Isaac Prior, to Carl L. Jackson. Trial was by jury.

Jackson testified on behalf of the government and identified himself as a federal narcotics agent. His testimony tends to support the verdict. However defendant in this court contends that he was deprived of due process of law because, as he says, the testimony of Jackson was perjured. To support the charge of perjury defendant's counsel points to places in the record where he contends Jackson was contradicted.

Defendant relies on Nye & Nissen v. United States, 336 U.S. 613, at 618, 69 S.Ct. 766, at 769–770, 93 L.Ed. 919, where the court said:

> " * * * The trial court charged that one 'who aids, abets, counsels, commands, induces, or procures the commission of an act is as responsible for that act as if he committed it directly.' That theory is well engrained in the law. * * * In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in United States v. Peoni, 2 Cir., 100 F.2d 401, 402."

We have considered the evidence in the record and find it is sufficient to support the verdict in that it indicates that defendant associated himself with a venture in which Prior sold narcotics in violation of the law, that defendant participated in it as in something that he wished to bring about, and that he sought by his action to make it succeed.

Even if he were contradicted, whether Jackson was a truthful witness is not for us to say. The jury evidently believed Jackson, and his credibility was within its province.

Neither are we convinced by defendant's argument that it was error to admit evidence of acts and declarations of his principal, made outside defendant's presence. United States v. Bernard, 7 Cir., 287 F.2d 715, 719 (1961): to the same effect see United States v. Pasha, 7 Cir., 332 F.2d 193 (1964). Cf. United States v. Carengella, 7 Cir., 198 F.2d 3, 6 and 7 (1952).

We fail to find that any errors assigned by defendant in this court require a reversal. We therefore affirm the judgment of the district court.

Judgment affirmed.